IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>           Respondent.<br><br>           v.<br><br>CODY MESSER,<br><br>           Appellant. | No. 86831-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Cody Messer appeals his convictions of rape of a child in the first degree and child molestation in the first degree, both designated as domestic violence offenses. Messer contends, among other things, that the trial court erred by allowing the State to exercise a peremptory challenge to excuse Juror 29, a member of the venire who self-identified as a female of Indian descent, over Messer's GR 37 objection.

Under GR 37, "[i]f the court determines that an objective observer could view race or ethnicity as a factor in the use of the peremptory challenge, then the peremptory challenge shall be denied." GR 37(e). "The court need not find purposeful discrimination to deny the peremptory challenge." *Id*.

The State concedes error, acknowledging that "the trial court should have sustained Messer's GR 37 objection and retained Juror 29." The State observes that at least one of the justifications provided by the prosecutor "directly implicates GR 37(i)" (reasons historically associated with improper discrimination) and, in light of the record,

none of the other bases for excusal were "sufficiently compelling to foreclose the possibility that race or ethnicity *could* have been a factor" in the decision to challenge Juror 29.

We accept the State's concession of error, reverse Messer's convictions, and remand for a new trial. *See State v. Lahman*, 17 Wn. App. 2d 925, 938, 488 P.3d 881 (2021) (reversing and remanding for a new trial after determining that the trial court should have sustained the defendant's GR 37 objection). Given our remand for retrial, it is unnecessary to address the remaining assignments of error in Messer's opening brief and Statement of Additional Grounds for Review.

Reversed and remanded.

FOR THE COURT:

_Coburn, J._

_____, ACJ

_Mann, J._